

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | Criminal Action No.: 3:19-986-MGL-3 |
| | § | |
| TERRENCE TYRONE DUFFIE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**I.    INTRODUCTION**

Pending before the Court is Defendant Terrence Tyrone Duffie's (Duffie) motion for compassionate release. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

**II.    FACTUAL AND PROCEDURAL HISTORY**

Duffie pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and animal fighting, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 2 and 49(a). The Court sentenced Duffie to 175 months of imprisonment, followed by five years of supervised release. Duffie currently has a projected release date of June 29, 2031.

Duffie has filed a motion for compassionate release, claiming his family circumstances and the conditions at his facility justify release. The government filed a response, but Duffie failed to

file a reply.  The Court, having been fully briefed on the relevant issues, will now adjudicate Duffie's motion.

### III. STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, "[a] district court analyzes [his] compassionate release motion in two steps." *United States v. Woody*, 115 F.4th 304, 310 (4th Cir. 2024).

"First, the [C]ourt must determine [the defendant] is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024) (citing *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022)); 18 U.S.C. § 3582(c)(1)(A)(i).  In doing so, the Court shall consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement identifies six circumstances that, individually or in combination, may provide extraordinary and compelling reasons for a sentence reduction: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) the presence of "any other circumstance or combination of circumstances . . . similar in gravity to" other enumerated circumstances; and (6) the defendant received an "unusually long sentence[.]"  United States Sentencing Guideline (U.S.S.G) § 1B1.13.

"Second, the [C]ourt [must] consider[] whether the 18 U.S.C. § 3553(a) [(Section 3553(a)] sentencing factors support relief." *Moody*, 115 F.4th at 310 (citing *United States v. Bond*, 56 F.4th

2

381, 383 (4th Cir. 2023)). "District courts 'enjoy broad discretion' in evaluating the [Section] 3553(a) factors when deciding a motion for compassionate release." *Id.* (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)).

**IV.    DISCUSSION AND ANALYSIS**

As an initial matter, the government concedes Duffie has exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier").  The Court thus turns to the merits of Duffie's motion.

> **A.    Whether Duffie presents extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)**
>
> > **1.    Whether Duffie's family circumstances constitute extraordinary and compelling reasons**

Duffie alleges his wife, Tomika Ford (Ford), is incapacitated and requires around-the-clock care.  Duffie contends Ford currently lives at Sumter Health and Rehab (Sumter East), but he submits medical records indicating Ford was admitted to Oak Hollow of Sumter Rehabilitation Center, LLC (Oak Hollow) on June 22, 2022.  Duffie maintains Google reviews of Sumter East indicate its conditions are unsatisfactory.  Duffie claims Ford has developed numerous chronic ulcers, or bed sores, during her time at Sumter East, and he insists attentive medical care could prevent these ulcers.  If Sumter East is somehow sufficient to care for Ford, Duffie notes studies show patients do better in a home setting rather than in a facility.

The government contends Duffie has failed to establish Ford is his wife.  For support, the government cites Duffie's presentence investigation report (PSR), which indicates he has never

3

been married, and Ford's medical records, which indicate she has never been married. Even assuming Duffie could have married Ford after she was admitted to Oak Hollow and while he was in custody, the government notes Ford is currently receiving care. Further, the government contends Duffie has failed to demonstrate the individuals listed in Ford's medical records—two daughters, four friends, and one niece—are unavailable to care for Ford. Finally, the government avers Google reviews should be given little weight considering Duffie has neglected to submit any first-hand information regarding the conditions at Sumter East.

To constitute an extraordinary and compelling reason based on the defendant's need to care for his "spouse or registered partner[,]" the policy statement requires "[t]he defendant [to] be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B).

First, the Court is unconvinced Ford constitutes Duffie's "spouse or registered partner[.]" *Id.* Duffie's sentencing memorandum to the Court discusses his familial relationships, but neither the memorandum nor the attached character letters reference Ford. Moreover, Duffie's PSR states he is "single, having never been married[,]" PSR at 23, and Ford's medical records from Oak Hollow states she has "[n]ever married[.]" Duffie's Motion at Ex. B.

Second, even if Ford is Duffie's wife, Duffie has failed to demonstrate other caregivers are unavailable. Ford's medical records list three family members and four friends as contacts for Ford, and Duffie has neglected to allege these individuals are unavailable to care for her. Nor has he demonstrated Oak Hollow is somehow unequipped to care for Ford. Although Duffie claims Ford suffered from "numerous chronic ulcers which are more commonly known as bed sores" at her current facility, *id.* at 13, Ford's medical records indicate between June 22, 2022, and January 16, 2023, she experienced only one instance of "varicose veins of left lower extremity with ulcer other part of lower leg[,]" *id.* at Ex. B (emphasis omitted).

4

For all these reasons, the Court determines Duffie's family circumstances fail to rise to the level of extraordinary and compelling reasons as contemplated by the policy statement.

### 2. *Whether the conditions at Duffie's facility constitute extraordinary and compelling reasons*

Duffie also contends that, "because of the COVID-19 pandemic[,] [he] has been subjected to harsher conditions of confinement than other similarly situated defendants." *Id.* at 14. Duffie cites two news articles, as well as a report published by the United States Department of Justice Office of the Inspector General, regarding the Federal Bureau of Prisons' (BOP) response to the pandemic. Duffie further cites *United States v. Johnson*, 671 F. Supp. 3d 265 (E.D.N.Y. 2023), in which he claims the court "concluded COVID-19 restrictions imposed by the BOP coupled with a lack of access to programming and counseling . . . made [the defendant]'s sentence more punitive and severe th[a]n the Court contemplated at sentencing." *Id.* at 16.

The government asserts Duffie "does not explain how the BOP's strategic operational plan during the pandemic affected him at his correctional facility and made his sentence more severe compared to other inmates who were not subjected to COVID-19 restrictions[,]" thus failing to show his conditions of confinement are similar in gravity to other circumstances enumerated in the policy statement. Government's Response at 5. Even assuming Duffie has made such a showing, however, the government contends he is unentitled to compassionate release based on district court decisions from within the Fourth Circuit relating to pandemic restrictions. And, the government distinguishes *Johnson*, 671 F. Supp. 3d at 265, on the grounds Duffie has served substantially less of his sentence than the defendant in that case, he has no reported mental health or substance abuse issues, and he has remained at the same correctional facility throughout his sentence with ample access to programming.

Because the policy statement fails to enumerate prison conditions as an extraordinary and compelling reason for a reduced sentence, Duffie must demonstrate the conditions from which he has suffered are "similar in gravity to [the enumerated circumstances] described in paragraphs (1) through (4)" of the statement. U.S.S.G. § 1B1.13(b)(5). The Court is unpersuaded Duffie has met this burden.

Duffie has neglected to allege any manner in which the BOP's general response to the pandemic specifically affected his facility. He cites *Johnson* for support, but the government aptly notes the ways in which that case is distinguishable. Moreover, the *Johnson* court determined the defendant's argument was meritorious because "his prison term—which began in 2017—ha[d] been more punitive than intended by the court" due to the pandemic. *Johnson*, 671 F. Supp. 3d 280. But, here, Duffie was sentenced to prison more than one year after the pandemic began. Thus, he is unable to credibly argue his sentence has been more punitive than intended by the sentencing court. Indeed, regarding any claim by Duffie of reduced access to facility programming, a supplement to Duffie's sentencing memorandum indicates he participated in 838 courses, completed sixty-eight programs, and earned 6,125 credits between December 9, 2020, and July 15, 2021. And, Duffie submits as an exhibit to his motion for compassionate release documents reflecting he completed further programming between October 29, 2022, and February 10, 2023.

For all these reasons, the Court is unable to determine the conditions at Duffie's facility constitute extraordinary and compelling reasons for compassionate release.

  B. *Whether the Section 3553(a) factors weigh in favor of a sentence reduction*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would preclude any reduction in Duffie's sentence. *See* 18

U.S.C. § 3582(c)(1)(A) (explaining the Court may grant compassionate release only "after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Duffie acknowledges he pled guilty to a serious offense. He was indicted in a large-scale drug conspiracy during which he allowed another individual to use his home as a stash house. He possessed a firearm during a drug trafficking offense and participated in multiple dog fighting events. Additionally, he has a history of distributing narcotics and was previously sentenced to state prison on drug charges. Although the Court is pleased with Duffie's rehabilitative efforts and encourages Duffie to continue them, Duffie has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (explaining in "promulgating general policy statements regarding" compassionate release, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Moreover, Duffie's 175-month sentence is within the lower-end of his Guidelines range of 168 to 210 months, and it fails to create any unwarranted disparities among similarly situated defendants. In fact, five of the eighteen indicted defendants received a sentence of 175 months or more.

Therefore, considering the balance of the Section 3553(a) factors, the Court determines a reduced sentence is inappropriate. Duffie's current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, reflect the seriousness of his offense, and is a just punishment in this case.

The Court will thus deny Duffie's motion for compassionate release.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Duffie's motion for compassionate release, ECF No. 1570, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of April 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE